In re Robert F. MILFORD, Debtor.

Patricia O. Milford, Plaintiff,

v.

Robert F. Milford, Defendant.

Bankruptcy No. 01–6765–3F7.
Adversary No. 01–344.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 5, 2002.

Jack A. Moring, Crystal River, FL, for
Debtor.

Alexander G. Smith, Jacksonville, FL, trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This adversary proceeding came on for trial on February 28, 2002. Upon the evidence, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Plaintiff and Defendant were married. On June 15, 1999 the Circuit Court in and for St. Lucie County (the "Circuit Court") entered a Final Judgment of Dissolution of Marriage (the "Final Judgment") terminating the parties' marriage. The Final Judgment incorporated a Mediation Agreement (the "Mediation Agreement") entered into by the parties on March 10, 1999. The Mediation Agreement provided, among other things, that Defendant was solely responsible for the payment of Plaintiff's Sallie Mae/First Union Student Loan in the amount of $10,700 plus interest.

On July 23, 2001 Defendant filed a petition under Chapter 7 of the Bankruptcy Code. On or about October 18, 2001 Plaintiff filed a motion for enforcement and contempt in the Circuit Court. On November 13, 2001 Plaintiff instituted this adversary proceeding seeking to except the student loan debt from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(5) or alternatively § 523(a)(15). On February 12, 2002 the Circuit Court entered an order on Plaintiff's motion for enforcement and contempt (the "Contempt Order"). Paragraph 2 of the Contempt Order provided: "[I]t is the Trial Court's opinion that [Defendant's] obligation under the parties' June 15, 1999 [Final Judg-ment] to pay [Plaintiff's] student loan obligation should not be dischargeable in [Defendant's] bankruptcy petition. This Court deems it more of a support financial obligation."

### CONCLUSIONS OF LAW

The sole issue before the Court is whether Defendant's obligation to pay Plaintiff's student loan is excepted from Defendant's discharge pursuant to 11 U.S.C. § 523(a)(5) or § 523(a)(15).

Section 523(a)(5) of the Bankruptcy Code provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State of territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5)(2002).

██ If a marital obligation is in the nature of alimony or support, it is non-dischargeable pursuant to 11 U.S.C.

§ 523(a)(5). *Cummings v. Cummings*, 244 F.3d 1263, 1264 (11th Cir.2001). An obligation is in the nature of alimony or support if the parties intended the obligation to function as alimony or support. *Id.* at 1265. Although federal bankruptcy law controls whether an obligation is in the nature of support, state law provides guidance. *Id.* Additionally, state courts have concurrent jurisdiction with bankruptcy courts to determine whether an obligation is in the nature of alimony or support for § 523(a)(5) purposes. *Id.; Adkins v. Adkins*, 191 B.R. 941, 943 (Bankr.M.D.Fla. 1996).

In the instant case the Circuit Court has already determined that Defendant's obligation to pay Plaintiff's student loan was · in the nature of support and should not be discharged in Defendant's bankruptcy. 28 U.S.C. § 1738 requires that this Court accord full faith and credit to the judicial proceedings of state courts. *See In re Hight*, 2001 WL 1699694, at *2 (Bankr.M.D.N.C. February 26, 2001). In determining whether to give collateral estoppel effect to a state court judgment, the bankruptcy court must apply that state's law of collateral estoppel. *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir.1993).

The Court must determine the preclusive effect of the Contempt Order by looking to the Florida law of collateral estoppel. Under Florida law the following elements must be established in order for collateral estoppel to be invoked: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *Id.* at 675.

The issue at stake, whether Defendant's obligation to pay Plaintiff's student loan was in the nature of support and should therefore be excepted from discharge, is identical to the issue decided by the Circuit Court. The issue was actually litigated in the Circuit Court. Both parties were represented by counsel and submitted the issue to the Circuit Court for determination. The critical and necessary element operates to ensure that the issue decided in the prior case was necessary to the judgment in the prior case. It is clear that the Circuit Court's determination that the obligation was in the nature of support was the very essence of the Contempt Order. Finally, because the standard of proof in dischargeability actions is preponderance of the evidence, the standard of proof in the Circuit Court proceeding could not have been less stringent. Because all of the elements of collateral estoppel are satisfied, Defendant is estopped from arguing that his obligation to pay Plaintiff's student loan debt is not in the nature of support. The obligation is therefore non-dischargeable pursuant to § 523(a)(5). Having found that the debt is non-dischargeable pursuant to § 523(a)(5), the Court need not address whether the debt is excepted from discharge pursuant to § 523(a)(15). The Court will enter a separate Judgment consistent with these Findings of Fact and Conclusions of Law.